IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

               Petitioner,

     v.                                     CASE NO.10-3132-SAC

SAM CLINE, et al.,

               Respondents.

**O R D E R**

Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on self styled petition for a writ of habeas corpus for which he paid the $5.00 district court filing fee. Petitioner alleges respondents have wrongfully interfered with his filing of documents in the Kansas appellate courts, and he seeks injunctive relief to stop all interference with his right to petition the government, and to stop all intimidation and threats of discipline related to his legal work and assistance to other prisoners. In separate filings, petitioner submitted a "Notice of Hearing," a "Motion for Summary Judgment,"[1] and a document titled as "Sanctions Claims for Relief."

Having reviewed petitioner's allegations, the court finds this action can be summarily dismissed because petitioner presents no

---

[1] In his motion, petitioner seeks a declaratory judgment of the right to default judgment, and challenges the constitutionality and validity of "municipal ordinance K.S.A. 60-268" for summons and return of personal service. Petitioner further maintains all Kansas Supreme Court orders denying him relief are moot, challenges the jurisdiction of Kansas judges to dismiss his motions for default judgment, and seeks compensatory and punitive damages.

factual or legal basis for habeas corpus relief. Instead, petitioner's allegations and prayers for relief clearly concern the conditions of his confinement, for which a civil rights action provides the appropriate remedy.[2] *See* Muhammad v. Close, 540 U.S. 749, 750 (2004)(challenges to validity of confinement or its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action). Petitioner may not resort to habeas corpus to avoid or circumvent the filing restrictions imposed on non-habeas civil actions submitted to the federal court by a prisoner.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus and that all pending motions are denied.

**IT IS SO ORDERED.**

DATED: This 22nd day of September 2010 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]As the court has repeatedly noted, petitioner's litigation history in this court subjects him the "3 strike" provision in 28 U.S.C. § 1915(g), which bars petitioner from proceeding without prepayment of the $350.00 district court filing fee absent a showing that he is subject to imminent danger of serious physical harm.